**BIBIYAN LAW GROUP, P.C.**
David D. Bibiyan (Cal. Bar No. 287811)
*david@tomorrowlaw.com*
Jeffrey D. Klein (Cal. Bar No. 297296)
*jeff@tomorrowlaw.com*
Bijan Mohseni (Cal. Bar No. 338276)
*bijan@tomorrowlaw.com*
Gayane Ghandilyan (SBN: 327818)
*gayane@tomorrowlaw.com*
1460 Westwood Boulevard
Los Angeles, CA 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff, KEVIN ROBERTO SOLIS and
on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ROBERTO SOLIS, an individual and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GATE GOURMET, INC., a Delaware corporation; ALICE WARRICK, an individual; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.: 3:24-CV-01287-VC <br><br> [Filed initially in the Superior Court for the County of San Mateo, California Case No. 24CIV00416] <br> **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** <br><br> 1. FAILURE TO PAY OVERTIME WAGES; <br><br> 2. FAILURE TO PAY MINIMUM WAGES; <br><br> 3. FAILURE TO PROVIDE MEAL PERIODS; <br><br> 4. FAILURE TO PROVIDE REST PERIODS; <br><br> 5. WAITING TIME PENALTIES; <br><br> 6. WAGE STATEMENT VIOLATIONS; <br><br> 7. FAILURE TO TIMELY PAY WAGES; <br><br> 8. FAILURE TO INDEMNIFY; <br><br> 9. FAILURE TO PAY INTEREST ON DEPOSITS: <br><br> 10. VIOLATION OF LABOR CODE § 227.3 <br><br> 11. UNFAIR COMPETITION. <br> **DEMAND FOR JURY TRIAL** <br> [Amount in Controversy Exceeds $35,000.00] |

Plaintiff KEVIN ROBERTO SOLIS, on behalf of Plaintiff and all others similarly situated, alleges as follows:

**GENERAL ALLEGATIONS**

**INTRODUCTION**

1.        This is a Class Action, pursuant to Code of Civil Procedure section 382, against Gate Gourmet, Inc., and any of its respective subsidiaries or affiliated companies within the State of California ("Gate Gourmet"); and Alice "Allie" Warrick ("Warrick" and collectively, with Gate Gourmet and DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiff and all other current and former non-exempt California employees employed by or formerly employed by Defendants ("Class Members").

2.        For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiff and other non-exempt employees in the State of California in violation of California state wage and hour laws as a result of, without limitation, Defendants, failing to provide for Plaintiff and other non-exempt employees' wages, hours of work, working conditions, and failing to pay a premium wage rate for all overtime hours worked or failing to pay a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage due to, without limitation, failing to accurately track and pay for all times actually worked due to: Defendants refusing to permit Plaintiff and other employees to clock-in for pre-shift and post shift activities such as donning and doffing employee work uniforms and checking out  necessary equipment; and detrimental rounding of employee time entries, to the detriment of Plaintiff and other similarly situated employees.  This practice has resulted, for the occasional pay periods where employees did work over eight (8) hours per day, over forty (40) hours per week, or over eight (8) hours on the seventh consecutive day, a failure to pay employees all wages due, including by failing to pay any wages at all for the practices as herein described to other non-exempt employees Plaintiff seeks to represent, as required by California state wage and hour laws.

3.        For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiff and other non-exempt

2

employees in the State of California in violation of California state wage and hour laws as a result of, among other things, at times, failing to accurately track and pay for all times actually worked due to: Defendants refusing to permit employees to clock-in for pre-shift and post shift activities such as donning and doffing employee work uniforms and checking out necessary equipment; and detrimental rounding of employee time entries, resulting in Plaintiff and Class Members, on occasion, not being paid for every minute worked.  This practice has also resulted in, for the occasional pay periods where employees were not paid any wages for the times herein described, as required by California state wage and hour laws.

4.      For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to provide Plaintiff and all other similarly situated employees or former employees within the State of California a thirty (30) minute, uninterrupted, and timely meal period for days on which the employees worked more than five (5) hours in a workday; a second thirty (30) minute, uninterrupted, and timely meal period for days on which employees worked in excess of ten (10) hours in a workday; and/or compensation for such unprovided meal periods as required by California wage and hour laws.

5.      For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to provide Plaintiff and all other similarly situated employees or former employees within the State of California paid, timely, and uninterrupted rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and/or compensation for such unprovided rest periods as required by California wage and hour laws.

6.      For at least three (3) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and all other similarly situated employees the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202 as a result of their failure to pay overtime and minimum wages as herein mentioned.

7.      For at least one (1) year prior to the filing of this Action and continuing to the present, Defendants have, at times, due to the occasional wage-and-hour violations complained of herein, occasionally failed to furnish Plaintiff and all other similarly situated employees with accurate,

itemized wage statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, and in those instances, as a result thereof, have failed to furnish employees with an accurate calculation of net and gross wages earned, and net and gross wages paid.

8.      Plaintiff, on behalf of himself and all other similarly situated employees, brings this Action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 226, 226.7, 510, 512, 558.1, 1194, 1194.2, 1197, and California Code of Regulations, Title 8, section 11040, seeking, *inter alia*, overtime wages, minimum wages, premium wages for missed meal and rest periods, penalties, and reasonable attorneys' fees and costs.

9.      Plaintiff, on behalf of himself and all other similarly situated employees, pursuant to California Business and Professions Code sections 17200 through 17208, also seeks injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and members of the Class are entitled.

### PARTIES

#### A.      Plaintiff

10.      Plaintiff KEVIN ROBERTO SOLIS is a resident of the State of California.  At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, preparing food and packaging food to be ready for the airline. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff worked for Defendants from approximately July 7, 2023, through present. Plaintiff regularly works approximately five (5) days per week on shifts that are typically greater than eight (8) hours in length. Defendant pays Plaintiff a base rate of $21.70 per hour.

#### B.      Defendants

11.      Plaintiff is informed and believes and based thereon alleges that defendant Gate Gourmet, Inc., is, and at all times relevant hereto was, a corporation organized and existing under

4

1  and by virtue of the laws of the State of Delaware and doing business in the County of San Mateo,

2  State of California.

3       12.     Plaintiff is informed and believes and based thereon alleges that defendant Alice

4  "Allie" Warrick ("Warrick") is, and at all times relevant hereto was, an individual residing in the

5  State of California, and is, and at all relevant times hereto was, the Director of Human Resources, a

6  manager, and/or managing agent working at the direction of the above-referenced corporate

7  defendants. In that role, Plaintiff is informed and believes that Warrick exercised control over the

8  wages, hours, policies, and/or working conditions of Plaintiff and Class Members during the

9  relevant time period, including by informing Plaintiff and other employees when to report to work,

10  what work hours should actually be recorded, and what hours were not compensable, such as time

11  spent through security checks or time spent donning and doffing uniforms or checking out

12  equipment before and after a shift. Plaintiff is further informed and believes and thereon alleges that,

13  as such, Warrick violated, or caused to be violated, the below-referenced Labor Code provisions

14  and is thus liable for damages under Labor Code section 558.1.

15       13.     The true names and capacities, whether individual, corporate, associate, or otherwise,

16  of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff,

17  who therefore sues defendants by such fictitious names under Code of Civil Procedure section 474.

18  Plaintiff is informed and believes and based thereon alleges that each of the defendants designated

19  herein as DOE is legally responsible in some manner for the unlawful acts referred to herein.

20  Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of

21  the defendants designated hereinafter as DOES when such identities become known.  Plaintiff is

22  informed and believes, and based thereon alleges, that each defendant acted in all respects pertinent

23  to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or

24  policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the

25  other defendants.  Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall

26  include Gate Gourmet, and any of their parent, subsidiary, or affiliated companies within the State

27  of California, as well as Warrick and DOES 1 through 100 identified herein.

28  / / /

## JOINT LIABILITY ALLEGATIONS

14.     Plaintiff is informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

15.     All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

16.     Plaintiff is further informed and believes and based thereon alleges that Warrick and DOES 51 through 100 violated, or caused to be violated, the above-referenced and below-referenced Labor Code provisions in violation of Labor Code section 558.1.

17.     Plaintiff is informed and believes, and based thereon allege, that there exists such a unity of interest and ownership between Defendants, and each of them, that their individuality and separateness have ceased to exist.

18.     Plaintiff is informed and believes, and based thereon alleges that despite the formation of the purported corporate existence of Gate Gourmet, and DOES 1 through 50, inclusive (the "Alter Ego Defendants"), they, and each of them, are one and the same with Warrick and DOES 51 through 100 ("Individual Defendants"), and each of them, due to, but not limited to, the following reasons:

      A.     The Alter Ego Defendants are completely dominated and controlled by the Individual Defendants who personally committed the wrongful and illegal acts and violated the

6

laws as set forth in this Complaint, and who has hidden and currently hide behind the Alter Ego Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose;

B.   The Individual Defendants derive actual and significant monetary benefits by and through the Alter Ego Defendants' unlawful conduct, and by using the Alter Ego Defendants as the funding source for the Individual Defendants' own personal expenditures;

C.   Plaintiff is informed and believes and thereon alleges that the Individual Defendants and the Alter Ego Defendants, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose;

D.   Plaintiff is informed and believes and thereon alleges that the business affairs of the Individual Defendants and the Alter Ego Defendants are, and at all relevant times mentioned herein were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are inextricable confusion.  The Alter Ego Defendants are, and at all relevant times mentioned herein were, used by the Individual Defendants as mere shells and conduits for the conduct of certain of their, and each of their affairs.  The Alter Ego Defendants are, and at all relevant times mentioned herein were, the alter egos of the Individual Defendants;

E.   The recognition of the separate existence of the Individual Defendants and the Alter Ego Defendants would promote injustice insofar that it would permit defendants to insulate themselves from liability to Plaintiff for violations of the Civil Code, Labor Code, and other statutory violations.  The corporate existence of these defendants should thus be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein;

F.   Accordingly, the Alter Ego Defendants constitute the alter ego of the Individual Defendants (and vice versa), and the fiction of their separate corporate existence

7

1    must be disregarded;

2    19.    As a result of the aforementioned facts, Plaintiff is informed and believes, and based

3    thereon alleges that Defendants, and each of them, are joint employers.

4    **JURISDICTION**

5    20.    Jurisdiction exists in the Superior Court of the State of California pursuant to Code

6    of Civil Procedure section 410.10.

7    21.    Venue is proper in SAN MATEO County, California pursuant to Code of Civil

8    Procedure sections 392, et seq. because, among other things, SAN MATEO County is where the

9    causes of action complained of herein arose; the county in which the employment relationship

10   began; the county in which performance of the employment contract, or part of it, between Plaintiff

11   and Defendants was due to be performed; the county in which the employment contract, or part of

12   it, between Plaintiff and Defendants was actually performed; and the state and county in which

13   Defendants, or some of them, reside.  Moreover, the unlawful acts alleged herein have a direct effect

14   on Plaintiff and Class Members in SAN MATEO County, and because Defendants employ

15   numerous Class Members in SAN MATEO County.

16   **FACTUAL BACKGROUND**

17   22.    For at least four (4) years prior to the filing of this action and continuing to the

18   present, Defendants have, at times, failed to pay overtime wages to Plaintiff and Class Members, or

19   some of them, in violation of California state wage and hour laws as a result of, without limitation,

20   Plaintiff and Class Members working over eight (8) hours per day, forty (40) hours per week, and

21   seven consecutive work days in a work week without being properly compensated for hours worked

22   in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours

23   worked on the seventh consecutive work day in a work week by, among other things, failing to

24   accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay to the

25   detriment of Plaintiff and Class Members. For at least four (4) years prior to the filing of this Action

26   and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiff

27   and Class Members, or some of them, in violation of California state wage and hour laws as a result

28   of, among other things, at times, failing to accurately track and/or pay for all hours actually worked

8

at their regular rate of pay that is above the minimum wage to the detriment of Plaintiff and Class Members. For instance, in the week of August 7, 2023, Plaintiff is informed and believes he worked a shift that was approximately 8.5 hours in length.  However, Plaintiff was prevented from recording the time he spent going through a security screening or donning and doffing his uniform and equipment for that shift, thereby depriving him, as well as other employees of any overtime wages for such time spent.  Plaintiff estimates about 15 minutes of unrecorded and uncompensated time for that shift, as well as other shifts that occurred during his employment.  Plaintiff is further informed and believes that his time entries were detrimentally rounded and that he was not provided a premium wage for overtime on all his overtime wages due, including the week of August 7, 2023.

23.     For at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to provide Plaintiff and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws. For example, in the week of August 7, 2023, Defendant would require Plaintiff to start his shift at 8:00 a.m. and end at 5:00 p.m. every day. With this schedule, Plaintiff should have received his meal period before 1:00 p.m.; however, Defendants failed to provide Plaintiff with complete, timely, thirty (30) minute, duty-free uninterrupted meal periods for every five hours of work. Defendant did not allow Plaintiff to take his meal period until his Manager, Michael Doe (*last name currently unknown*), would allow him to take it. That week, Plaintiff was not permitted to take his meal period until after 2:00 or 3:00 p.m. When Plaintiff was given permission to have his meal period, he was then rushed by Michael to eat as quickly as possible to get back to work. Therefore, not only did Plaintiff have a late meal period to begin with, but it was also interrupted and less than thirty (30) minutes. Plaintiff complained to Defendant Warrick and his manager about the unlawful working conditions, but Warrick merely rescheduled Plaintiff to instead work from 5:00 a.m. to 1:30 p.m. The shift change did not change the fact that at times Plaintiff continues to not have timely or sufficient meal periods and is forced to wait until after the fifth or sixth hour to take a meal break. Further, Plaintiff has not

9

been provided a meal period premium payment for the failure to provide him with his meal periods when he worked shifts greater than 5 hours.

24.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiff and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws. Additionally, Plaintiff and other putative class members regularly and consistently worked shifts greater than four (4) hours in length and were consistently not permitted or authorized to take rest periods. For example, during the week of August 7, 2023, Plaintiff was not provided with regular rest breaks. Similar to the meal period violations, Plaintiff would only be authorized to take his rest breaks when his manager would allow him to take his breaks. Therefore, during that week, Plaintiff was denied several rest breaks. Plaintiff's rest breaks were dependent on whether Plaintiff had a lot of work that had to be completed. If Plaintiff's work load was high, he was not allowed to take his break until his workload was to the satisfaction of his manager. Plaintiff complained to Defendant Warrick and his manager about the unlawful working conditions; however, nothing was done to rectify the situation. Even after complaining to Defendant Warrick, Plaintiff still has issues, at times, with taking his breaks promptly as he is not authorized to take a break until his workload is completed. Plaintiff was further not provided a rest period premium payment for the failure to provide him with the requisite rest periods, as required by California law.

25.     For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, premium wages, and vacation pay pursuant to Labor Code section 227.3.

26.     For at least one (1) year prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to furnish Plaintiff and Class Members, or some of them, with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages

10

earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and other such information as required by Labor Code section 226, subdivision (a).  As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

27.     For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiff and Class Members, or some of them, the full amount of their wages for labor performed in a timely fashion as required under Labor Code section 204. For example, during the week of August 7, 2023, Plaintiff did not receive timely payment of all wages owed in a correctly itemized wage statement which included total hours worked, net wages earned, all applicable hourly rates and other such information. In this paycheck, he was owed overtime pay and minimum wage pay for time worked and wages owed on account of Defendants failure to provide a compliant meal period and rest period. Defendants were knowledgeable of this because they were in charge of payroll and knew of the time spent working off-the-clock, non-compliant meal and rest breaks and failure to provide compensation in lieu-thereof.

28.     For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to indemnify Class Members, or some of them, for the costs incurred in laundering mandatory work uniforms.   As a matter of policy and practice, Defendants instructed Plaintiff when he was hired on July 7, 2023, and other Class Members to pay for their work uniforms which consisted of a company shirt, apron, and non-stick shoes. Plaintiff and Class Members, or some of them, paid for their uniforms and never received whole or partial reimbursement for these expenses. Additionally, Plaintiff and Class members were responsible for laundering their work uniforms. Defendants were on notice of these costs because they directly asked Plaintiff and Class Members, or some of them, to pay for the uniforms and required that the uniforms be cleaned before each shift.

29.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

FIRST AMENDED CLASS ACTION COMPLAINT

30.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiffs and similarly situated employees or former employees within the State of California with the rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*

31.     Plaintiff, on their own behalf and on behalf of Class Members, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7, 227.3, 245, *et seq.,* 404, 510, 512, 558.1, 1194, 1194.2, 1197, 2802, and California Code of Regulations, Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, failure to indemnify work-related expenses, failure to pay interest on deposits made, failing to pay vested vacation time at the proper rate of pay, other such provisions of California law, and reasonable attorneys' fees and costs.

32.     Plaintiff, on Plaintiff's own behalf and on behalf of Class Members, pursuant to Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as all monies owed but withheld and retained by Defendants to which Plaintiff and Class Members are entitled, as well as restitution of amounts owed.

### CLASS ACTION ALLEGATIONS

33.     Plaintiff brings this action on behalf of Plaintiff and Class Members as a class action pursuant to Code of Civil Procedure section 382.  Plaintiff seeks to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

34.     Plaintiff reserves the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

35.     This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.     Numerosity**

36.     The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

37.     Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

**B.     Commonality**

38.     There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

A.     Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

B.     Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for all other time worked at the employee's regular rate of pay and a rate of pay that is greater than the applicable minimum wage?

C.     Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D.     Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E.     Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F.     Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

13

FIRST AMENDED CLASS ACTION COMPLAINT

G.   Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H.   Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I.   Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J.   Did Defendants fail to pay Class Members in a timely fashion as required under Labor Code section 204?

K.   Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

L.   Did Defendants fail to return deposits made by Class Members with accrued interest thereon as required under Labor Code section 404?

M.   Did Defendants violate Labor Code section 227.3 by not providing Class Members with compensation at their final rate of pay for vested paid vacation time.

N.   Did Defendants violate the Unfair Competition Law, Business and Professions Code section 17200, *et seq.*, by their unlawful practices as alleged herein?

O.   Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

P.   Are Class Members entitled to costs and attorneys' fees?

Q.   Are Class Members entitled to interest?

C.   **Typicality**

39.   The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions.  Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein.

D.   **Adequacy of Representation**

14

40.       Plaintiff will fairly and adequately represent and protect the interest of Class Members.  Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

**E.**     **Superiority of Class Action**

41.       A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members.  Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

42.       Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system.  Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**

**(Failure to Pay Overtime Wages – Against All Defendants)**

43.       Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

44.       At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

45.       At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

46.       At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any

seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

47.    Four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants failing to accurately track and/or pay for all hours actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to work and leave late work without being able to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the clock, to make phone calls off the clock, to drive off the clock, and/or go through security screenings; failing to include all forms of remuneration, including non-discretionary bonuses, incentive pay, meal allowances, mask allowances, gift cards and other forms of remuneration into the regular rate of pay for the pay periods where overtime was worked and the additional compensation was earned for the purpose of calculating the overtime rate of pay; detrimental rounding of employee time entries, editing and/or manipulation of time entries; and by attempting but failing to properly implement an alternative workweek schedule ("AWS") (including, without limitation, by failing to implement a written agreement designating the regularly scheduled alternative workweek in which the specified number of work days and work hours are regularly recurring; failing to adopt the AWS in a secret ballot election, before the performance of work, by at least a two-thirds (2/3) vote of the affected employees in the work unit; failing to follow the notice/disclosures procedures prior to any AWS election; and/or failing to register an AWS election with the State of California, as required by Labor Code section 511 and applicable Wage Orders) to the detriment of Plaintiff and Class Members.

48.    Accordingly, by requiring Plaintiff and Class Members to, at times, work greater

than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

49.     As a result of the unlawful acts of Defendants, Plaintiff and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

50.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

51.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

52.     Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiff and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

53.     For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all hours actually worked at their regular rate of pay that is above the minimum wage; engaged, suffered, or permitted employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to come early to work and leave late work without being able to clock in for all that time, to suffer under Defendants' control due to long lines for clocking in, to complete pre-shift tasks before clocking in and post-shift tasks after clocking out, to clock out for meal periods and continue working, to clock out for rest periods, to don and doff uniforms and/or safety equipment off the clock, to attend company meetings off the clock, to make phone calls off the clock; to drive off the clock; detrimental rounding of employee time entries; editing and/or manipulation of time entries to show less hours than actually worked; failing to pay split shift premiums; and failing to pay reporting

1    time pay to the detriment of Plaintiff and Class Members.

2    54.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

3    suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages

4    for all hours worked or otherwise due.

5    55.    Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure

6    sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to

7    recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated

8    damages, reasonable attorneys' fees and costs of suit.

9    **THIRD CAUSE OF ACTION**

10   **(Failure to Provide Meal Periods – Against All Defendants)**

11   56.    Plaintiff realleges and incorporates by reference all of the allegations contained in

12   the preceding paragraphs as though fully set forth hereat.

13   57.    At all relevant times, Plaintiff and Class Members were employees or former

14   employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

15   58.    Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall

16   employ an employee for a work period of more than five (5) hours without a timely meal break of

17   not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

18   Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours

19   per day without providing the employee with a second timely meal period of not less than thirty (30)

20   minutes in which the employee is relieved of all of his or her duties.

21   59.    Pursuant to Labor Code section 226.7, if an employer fails to provide an employee

22   with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission,

23   the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate

24   of compensation for each workday that the meal period is not provided.

25   60.    For four (4) years prior to the filing of the Complaint in this Action through the

26   present, Plaintiff and Class Members were, at times, not provided complete, timely 30-minute, duty-

27   free uninterrupted meal periods every five hours of work without waiving the right to take them, as

28   permitted.  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the

1  Class Member's regular rate of compensation on the occasions that Class Members were not
2  provided compliant meal periods.

3      61.      By their failure to provide Plaintiff and Class Members compliant meal periods as
4  contemplated by Labor Code section 512, among other California authorities, and failing, at times,
5  to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully
6  violated the provisions of Labor Code section 512 and applicable Wage Orders.

7      62.      As a result of Defendants' unlawful conduct, Plaintiff and Class Members have
8  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay
9  owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

10     63.      Plaintiff and Class Members are entitled to recover the full amount of their unpaid
11  additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus
12  interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,
13  Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

14                          **<u>FOURTH CAUSE OF ACTION</u>**

15              **(Failure to Provide Rest Periods – Against All Defendants)**

16     64.      Plaintiff realleges and incorporates by reference all of the allegations contained in
17  the preceding paragraphs as though fully set forth hereat.

18     65.      At all relevant times, Plaintiff and Class Members were employees or former
19  employees of Defendants covered by applicable Wage Orders.

20     66.      California law and applicable Wage Orders require that employers "authorize and
21  permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour
22  work period "or major fraction thereof."  Accordingly, employees who work shifts of three and-a-
23  half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who
24  work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes
25  of paid rest period, and employees who work shifts of more than ten (10) hours must be provided
26  thirty (30) minutes of paid rest period.

27     67.      Pursuant to Labor Code section 226.7, if an employer fails to provide an employee
28  with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare

Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

68.     For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiff and Class Members were, at times, not authorized or permitted to take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof.   Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.

69.     By their failure, at times, to authorize and permit Plaintiff and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

70.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

71.     Plaintiff and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

**FIFTH CAUSE OF ACTION**

**(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

72.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

73.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

74.     Pursuant to Labor Code sections 201 and 202, Plaintiff and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination.

20

Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination.  Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

75.     Plaintiff is informed and believes, and based thereon alleges, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiff and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

76.     Plaintiff is informed and believes Defendants' failure, at times, to pay Plaintiff and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiff and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

77.     Pursuant to Labor Code section 203, Plaintiff and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days.

78.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination or resignation.

79.     Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover waiting time penalties, interest, and their costs of suit, as well.

## **SIXTH CAUSE OF ACTION**

### **(Failure to Provide Accurate Wage Statements – Against All Defendants)**

80.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

81.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

82.     Pursuant to Labor Code section 226, subdivision (a), Plaintiff and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, among other things.

83.     Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiff and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, among other things.

84.     Defendants' failure to, at times, provide Plaintiff and Class Members with accurate wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiff and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

85.     As a result of Defendants' unlawful conduct, Plaintiff and Class Members have suffered injury.  The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

86.     Pursuant to Labor Code section 226, subdivision (e), Plaintiff and Class Members

are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

87.     Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiff and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

## SEVENTH CAUSE OF ACTION

### (Failure to Timely Pay Wages During Employment – Against All Defendants)

88.     Plaintiff realleges each and every allegation set forth in the preceding paragraphs and incorporate each by reference as though fully set forth hereat.

89.     At all relevant times, Plaintiff and Class Members were employees or former employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

90.     Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month."

91.     Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

92.     Plaintiff is informed and believes, and based thereon alleges, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants employed policies and practices that resulted in, at times, not paying Plaintiff and Class Members in accordance with

1   Labor Code section 204.

2   93.     Pursuant to Labor Code section 210, Plaintiff and Class Members are entitled to

3   recover penalties for Defendants' violations of Labor Code section 204, in the amount of one

4   hundred dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200)

5   for each subsequent violation in connection with each payment that was made in violation of Labor

6   Code section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

7   94.     Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and

8   1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recovery of penalties,

9   interest, and their costs of suit, as well.

10                        **EIGHTH CAUSE OF ACTION**

11            **(Violation of Labor Code § 2802 – Against All Defendants)**

12   95.     Plaintiff realleges and incorporates by reference all of the allegations contained in

13   the preceding paragraphs as though fully set forth hereat.

14   96.     At all relevant times, Plaintiff and Class Members were employees or former

15   employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

16   97.     Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify

17   his or her employee for all necessary expenditures or losses incurred by the employee in direct

18   consequence of the discharge of his or her duties . . ."

19   98.     For three (3) years prior to the filing of the Complaint in this Action through the

20   present, Defendants required Plaintiff and Class Members, or some of them, to incur, at times,

21   necessary expenditures or losses in direct consequence of the discharge of their duties or at the

22   obedience to the directions of Defendants that included, without limitation: laundering mandatory

23   work uniforms.

24   99.     During that time period, Plaintiff is informed and believes, and based thereon alleges

25   that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff sand

26   Class Members for those losses and/or expenditures.

27   100.    As a result of Defendants' unlawful conduct, Plaintiff and Class Members have

28   suffered damages in an amount subject to proof, to the extent they were not reimbursed for the

1  herein-described losses and/or expenditures.

2     101.      Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and

3  1032, and Civil Code section 3287, Plaintiff and Class Members are entitled to recover

4  reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and

5  costs of suit.

6  **NINTH CAUSE OF ACTION**

7  **(Violation of Labor Code § 404 – Against All Defendants)**

8     102.      Plaintiff realleges and incorporates by reference all of the allegations contained in

9  the preceding paragraphs as though fully set forth herein.

10     103.      At all relevant times, Plaintiff and Class Members were employees or former

11  employees of Defendants covered by Labor Code sections 400 through 410.

12     104.      Pursuant to Labor Code section 404, Defendants were required to immediately return

13  amounts deposited with accrued interest when Plaintiff and Class Members returned the required

14  uniforms to Defendants.

15     105.      Plaintiff is informed and believes, and based thereon alleges that for three (3) years

16  prior to the filing of this Action through the present, due to policies and practices adopted by

17  Defendants, Defendants violated Labor Code section 404 by failing to, at times, immediately return

18  accrued interest on deposits made by Plaintiff and Class Members.

19     106.      As a result of Defendants' conduct, Plaintiff and Class Members have suffered

20  damages in an amount subject to proof, to the extent they were not compensated for accrued interest

21  on amounts deposited.

22     107.      Pursuant to Labor Code sections 218, 218.5, and 404, Plaintiff and Class Members

23  are entitled to recover their unpaid accrued interest on uniform deposits, reasonable attorney's fees

24  and costs of suit.

25  **TENTH CAUSE OF ACTION**

26  **(Violation of Labor Code § 227.3 – Against All Defendants**

27     108.      Plaintiff re-alleges and incorporates by reference all of the allegations contained in

28  the preceding paragraphs of this Complaint as though fully set forth hereon.

109.     According to Labor Code section 227.3, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served.

110.     Plaintiff is informed and believes, and based thereon alleges that, at all times relevant hereto, Defendants promulgated and maintained a uniform policy providing for paid vacations, and that Plaintiff's employment contract with Defendants included paid vacations.

111.     For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with compensation at their final rate of pay for unused vested paid vacation days pursuant to Labor Code section 227.3.

112.     As a proximate result of Defendants' failure to pay vested vacation at the final rate of Plaintiff and Class Members upon their resignation or termination, Defendants violated Labor Code section 227.3, entitling Plaintiff and Class Members to all vested and unused vacation pay at their final rate of pay, as set out in Defendants' policy or the contract of employment between Plaintiff and Class Members, on the one hand, and Defendants, on the other hand.

113.     As a further proximate result of Defendants' above-described acts and/or omissions, Plaintiff and Class Members are entitled to recover reasonable attorneys' fees, costs of suit and prejudgment interest.

## ELEVENTH CAUSE OF ACTION

### (Unfair Competition – Against All Defendants)

114.     Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

115.     Plaintiff is informed and believes and based thereon alleges that the unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code section 17200.  Plaintiff is further informed and believes and based thereon alleges that in addition to the unlawful conduct of Defendants alleged in the preceding paragraphs, for at

least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California with the rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*  Due to their unlawful business practices in violation of the Labor Code, Defendants have gained a competitive advantage over other comparable companies doing business in the State of California that comply with their obligations to compensate employees in accordance with the Labor Code.

116.     As a result of Defendants' unfair competition as alleged herein, Plaintiff and Class Members have suffered injury in fact and lost money or property.

117.     Pursuant to Business and Professions Code section 17203, Plaintiff and Class Members are entitled to (an) injunction(s) prohibiting Defendants from further violating the Labor Code and requiring the establishment of appropriate and effective means to prevent further violations, as well as restitution of all wages and other monies owed to them under the Labor Code, including interest thereon, in which they had a property interest and which Defendants nevertheless failed to pay them and instead withheld and retained for themselves.  Restitution of the money owed to Plaintiff and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their failure to comply with the Labor Code.

118.     Plaintiff and Class Members are entitled to costs of suit under Code of Civil Procedure section 1032 and interest under Civil Code section 3287.

### **DEMAND FOR JURY TRIAL**

119.     Plaintiff demands a trial by jury on all causes of action contained herein.

### **PRAYER**

WHEREFORE, on behalf of Plaintiff and Class Members, Plaintiff prays for judgment against Defendants as follows:

A.     An order certifying this case as a Class Action;

B.     An Order appointing Plaintiff as Class representative and appointing Plaintiff's counsel as class counsel;

C.     Damages for all wages earned and owed, including minimum and overtime wages

27

1  and unpaid wages for vested vacation time, under Labor Code sections 510, 558.1,

2  1194, 1197 and 1199 and 227.3;

3  D.   Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

4  E.   Damages for unpaid premium wages from missed meal and rest periods under,

5  among other Labor Code sections, 512, 558.1 and 226.7;

6  F.   Penalties for inaccurate wage statements under Labor Code sections 226,

7  subdivision (e) and 558.1;

8  G.   Waiting time penalties under Labor Code sections 203 and 558.1;

9  H.   Penalties to timely pay wages under Labor Code section 210;

10  I.   Damages under Labor Code sections 2802 and 558.1;

11  J.   Damages under Labor Code section 404;

12  K.   Preliminary and permanent injunctions prohibiting Defendants from further

13  violating the California Labor Code and requiring the establishment of appropriate

14  and effective means to prevent future violations;

15  L.   Restitution of wages and benefits due which were acquired by means of any unfair

16  business practice, according to proof;

17  M.   Prejudgment and post-judgment interest at the maximum rate allowed by law;

18  N.   For attorneys' fees in prosecuting this action;

19  O.   For costs of suit incurred herein; and

20  P.   For such other and further relief as the Court deems just and proper.

21

22  Dated:  March 28, 2024                 BIBIYAN LAW GROUP, P.C.

23

24                                 BY:   _____

25                                        DAVID D. BIBIYAN
                                          JEFFREY D. KLEIN

26                                        BIJAN MOHSENI
                                          GAYANE GHANDILYAN

27                                        Attorneys for Plaintiff KEVIN ROBERTO SOLIS on
                                          behalf of himself and all others similarly situated

28

28