UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ROBERTO SOLIS,<br><br>    Plaintiff,<br><br>v.<br><br>GATE GOURMET, INC., et al.,<br><br>    Defendants. | Case No. 24-cv-01287-VC<br><br>**ORDER DENYING MOTION TO REMAND AND PARTIALLY GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 23, 27 |

      Solis's motion to remand is denied. Gate Gourmet's motion to dismiss is granted in part and denied in part. This ruling assumes that the reader is familiar with the facts, the applicable legal standards, and the arguments made by the parties.

      1. *Remand.* There is jurisdiction under the Class Action Fairness Act, because the parties are minimally diverse and the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d). The complaint alleges that Gate Gourmet engaged in a laundry list of practices that resulted in unrecorded work hours and unpaid wages. As one example, the complaint alleges that, on one workday, Solis spent about 15 minutes going through security, putting on his uniform and safety equipment, and taking them off. Solis alleges that this time went uncompensated. Based on these allegations, it was reasonable for Gate Gourmet to measure the amount in controversy by assuming one hour of unpaid minimum wages each workweek and maximum waiting-time penalties for all former employees in the class period. *See Jauregui v. Roadrunner Transportation Services, Inc.*, 28 F.4th 989, 993–94, 993 n.5 (9th Cir. 2022). Using these assumptions, Gate Gourmet calculated that it could be liable for almost $16 million on the minimum-wage and waiting-time penalty claims alone—plenty for jurisdiction under CAFA.

Even if it were necessary to use far more conservative assumptions, the amount of controversy would still exceed CAFA's $5 million requirement. *See id.* at 995–96.[1]

2. *Failure to return deposits with interest.* The claim for unreturned deposits with accrued interest under section 404 of the California Labor Code is dismissed, because the complaint does not contain enough facts describing the alleged violation.

3. *Waiting-time penalties.* The claim for waiting-time penalties under Labor Code section 203 is dismissed. That provision applies only when an employee "is discharged" or "quits." But the complaint alleges that Solis is still an employee at Gate Gourmet. Should that change, Solis will have leave to reassert this claim.

4. *Vested vacation wages.* The claim for vested vacation wages under Labor Code section 227.3 is similarly dismissed, because that provision applies only to employees who have been "terminated."

5. *Untimely wage payments.* The claim for untimely payments under Labor Code section 204 is dismissed because there is no private right of action to enforce that provision. *See Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1136 (N.D. Cal. 2011), *aff'd*, 546 F. App'x 613 (9th Cir. 2013).

6. *UCL.* The UCL claim is dismissed because Solis conceded in his opposition brief that he has an adequate remedy at law. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).[2]

7. *Claims against Warrick.* The claims against Warrick are dismissed because the

---

[1] Solis's evidentiary objections are overruled. Dray's statements about her role at Gate Gourmet and her review of its HR records laid the foundation for the rest of her statements. They also established her personal knowledge of Gate Gourmet's employment data. *See Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 206 F.3d 1322, 1330 (9th Cir. 2000). None of her statements called for speculation or legal conclusions. Nor were they offered to prove the content of any particular writing. *See United States v. Diaz-Lopez*, 625 F.3d 1198, 1202 (9th Cir. 2010); *see also* Fed. R. Evid. 1002, advisory committee's note.

[2] Solis argues that his concession means there is no jurisdiction over the UCL claim. But a dismissal for failure to plead an inadequate remedy at law is a dismissal for failure to state a claim, not a dismissal for lack of subject matter jurisdiction. *Sonner v. Premier Nutrition Corp.*, 49 F.4th 1300, 1304–05 (9th Cir. 2022).

complaint fails to plausibly allege that she can be held liable as Solis's employer. *See* Cal. Lab. Code § 558.1. The complaint alleges that Warrick was a human resources director at Gate Gourmet and that she told employees when to report for work, informed them which hours were compensable, and at times rescheduled their shifts. These allegations do not support Solis's assertion that Warrick had the power to change or make corporate policy. *See CRST, Inc. v. Superior Court*, 11 Cal. App. 5th 1255, 1273 (2017). Nor do they come close to supporting Solis's assertion that Warrick is somehow Gate Gourmet's alter ego. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015).

      8. *Overtime, minimum wage, and indemnified expenses.* The complaint includes several allegations supporting Solis's overtime, minimum wage, and indemnified expenses claims. As Gate Gourmet points out, some of these allegations are adequately pleaded (because they describe specific instances when Solis personally experienced a violation), while others are not (because they are too generalized). *See Landers v. Quality Communications, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014). But because the adequately pleaded allegations plausibly state claims for relief, the claims can move forward at this stage, without needing to parse out which parts of the claims can stand on their own. *See FTC v. Facebook, Inc.*, 581 F. Supp. 3d 34, 60 (D.D.C. 2022). And because none of the allegations are "redundant, immaterial, impertinent, or scandalous," Gate Gourmet's request to strike certain allegations is denied. *See* Fed. R. Civ. P 12(f); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).[3]

      9. *Class allegations.* Gate Gourmet's motion to strike the class allegations is denied as premature.

* * *

The section 204 and UCL claims are dismissed without leave to amend, because any amendment would be futile. Solis is given leave to amend the other claims dismissed by this

---

[3] Of course, even though these claims are moving forward, if Solis would like to amend his complaint to provide additional factual context for his more generalized allegations—say, to head off potential disputes over the scope of discovery—he is free to do so.

order. If Solis wishes to file an amended complaint, he must do so within 14 days of this ruling. Any response to an amended complaint is due 14 days after that. Alternatively, if Solis wishes to proceed only on the claims that haven't been dismissed, he is free to seek leave to add back the dismissed claims later if discovery on the surviving claims provides a good-faith basis for doing so.

**IT IS SO ORDERED.**

Dated: June 26, 2024

_____
VINCE CHHABRIA
United States District Judge