UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ROBERTO SOLIS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GATE GOURMET, INC.,<br><br>　　　　Defendant. | Case No. 24-cv-01287-VC<br><br>**ORDER GRANTING MOTION TO DISMISS AND STRIKE**<br><br>Re: Dkt. No. 60 |

　　　　The motion to dismiss and strike is granted. This order assumes the reader's familiarity with the facts, governing legal standards, and arguments made by the parties.

　　　　The claim for failure to return deposits with interest as required by Labor Code section 404 is dismissed because the complaint does not include enough detail about the alleged violations. Indeed, the complaint's allegations supporting this claim are identical to those held insufficient in the order granting in part Gate Gourmet's first motion to dismiss. *See* Dkt. No. 44 at 2. Separately, dismissal of this claim is appropriate because the plaintiffs added it without leave to do so. *See Strifling v. Twitter*, 2024 WL 54976, at *1 (N.D. Cal. Jan. 4, 2024).

　　　　The claim for failure to pay vacation time as required by Labor Code section 227.3 is dismissed for the same reasons. The complaint states only that Gate Gourmet has a "consistent policy" of failing to pay employees for unused vested paid vacation days. It does not allege that any employment contract or Gate Gourmet policy provided for paid vacation time, that Abrajano had accrued vacation time, or that his accrued vacation time was forfeited. *See Suarez v. Bank of America Corp.*, 2018 WL 2431473, at *8 (N.D. Cal. May 30, 2018); *Perez v. Performance Food Group, Inc.*, 2016 WL 1161508, at *4 (N.D. Cal. Mar. 23, 2016). And again, the plaintiffs added

this claim without leave to do so.

The UCL claim is dismissed because the plaintiffs have not sufficiently explained why they lack an adequate remedy at law. The plaintiffs argue that their potential legal remedies are inadequate because they seek injunctive relief (in addition to equitable restitution) and because some of Gate Gourmet's alleged conduct is outside of the Labor Code's statute of limitations but not that of the UCL. But because Abrajano is no longer employed by Gate Gourmet, he lacks standing to seek injunctive relief. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 988 (9th Cir. 2011). And differences in statutes of limitations are insufficient to render a legal remedy inadequate. *See Guzman v. Polaris Industries Inc.*, 49 F.4th 1308, 1312 (9th Cir. 2022) (noting that "equitable relief must be withheld when an equivalent legal claim would have been available but for a time bar"); *Utne v. Home Depot U.S.A., Inc.*, 2022 WL 1443339, at *2 (N.D. Cal. May 6, 2022).

Because the plaintiffs have given no indication that amendment would allow them to establish that their remedy at law is inadequate, and because the non-UCL claims were added past the previous order's deadline for the plaintiffs to amend their complaint, this dismissal is without leave to amend. The plaintiffs may later seek leave to add back the non-UCL claims dismissed here if discovery on the surviving claims provides a good-faith basis for doing so.

**IT IS SO ORDERED.**

Dated: December 20, 2024

_____
VINCE CHHABRIA
United States District Judge