MORGAN, LEWIS & BOCKIUS LLP
Brian Berry, Bar No. 229893
Sarah Zenewicz, Bar No. 258068
One Market
Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:  +1.415.442.1001
brian.berry@morganlewis.com
sarah.zenewicz@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Regina Agopian, Bar No. 340309
1400 Page Mill Road
Palo Alto, CA 94304
Tel:   +1.650.843.4000
Fax:  +1.650.843.4001
regina.agopian@morganlewis.com

Attorneys for Defendant
GATE GOURMET, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ROBERTO SOLIS and MARK CHRIS ESTRELLA ABRAJANO, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GATE GOURMET, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:24-CV-01287-VC<br><br>**DEFENDANT GATE GOURMET, INC.'S COUNTER-RESPONSE TO ORDER TO SHOW CAUSE REGARDING POTENTIAL NOTICE TO PUTATIVE CLASS MEMBERS** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S COUNTER-RESPONSE TO
ORDER TO SHOW CAUSE RE NOTICE
Case No. 3:24-CV-01287-VC

## I. INTRODUCTION

Plaintiffs abandoned their aspirations to serve as representatives of a putative class by refusing to engage in discovery, which, by necessity, precluded them from filing a motion for class certification. Against this background, the Court issued an "Order to Show Cause as to why the proposed class members should not be notified of the fact that this matter is no longer proceeding as a class action." ECF No. 76. In response, Plaintiffs argued that the Court should not order class notice. Defendant agrees.

Defendant respectfully submits that class notice is not warranted because (i) the dismissal of Plaintiffs' class claims is the result of their failure to diligently pursue their case; it is not the result of individual settlements or any other arrangement or agreement with Defendant; (ii) the Court has certified no class; (iii) there has been no publicity that might suggest putative class members have relied on the pendency of the class action in deciding whether to pursue individual claims; and (iv) there is no imminent expiration of the statute of limitations for putative class members' in light of the class settlement in *Rahman* and *American Pipe* tolling generally.[1]

## II. THE COURT SHOULD NOT ORDER NOTICE TO PUTATIVE CLASS MEMBERS

In 1989, the Ninth Circuit set forth a framework in *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989) for analyzing the need for pre-certification notice under Rule 23(e). *Diaz* explained that "[n]otice to the class of pre-certification dismissal is not . . . required in all circumstances." *Id*. But notice may be warranted if: (1) there is evidence that the named plaintiffs "appended class allegations in an attempt to get favorable individual settlements"; (2) notice would "protect[ ] the class from objectionable structural relief, trade-offs between compensatory and structural relief, or depletion of limited funds available to pay the class claims"; or (3) there is a need to "protect[ ] the class from prejudice it would otherwise suffer if class members have refrained from filing suit because of knowledge of the pending class action." *Id.* at 1409-10.

---

[1] Defendant notes that issuing notice may also stir-up litigation against Gate Gourmet and advertise Plaintiffs' counsel's services, which would have the unintended consequence of rewarding Plaintiffs' counsel for their failures to prosecute this case.

In 2003, a few years after the Ninth Circuit published *Diaz*, Rule 23(e) was amended to read: "[t]he claims, issues, or defenses of a *certified class*—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added); *compare* Fed. R. Civ. P. 23 (2002) *with* Fed. R. Civ. P. 23 (2003).[2] Based on this amendment, some courts no longer engage in the *Diaz* analysis. *See, e.g., Dougan v. Centerplate, Inc.*, 706 F. Supp. 3d 1025, 1029 (S.D. Cal. 2023) (collecting cases). But courts in the Northern District have "generally assumed that it does" apply because *Diaz* is "consistent with Rule 23(e) as it exists today" and provides a check against "collusive deals" in which absent members of a putative class are "sacrificed for convenience when named representations decide to settle their cases individual." *Albers v. Yarbrough World Sols., LLC*, 2021 WL 1925520, at *1 (N.D. Cal. May 13, 2021) (citing *Lyons v. Bank of America, NA*, 2012 W L 5940846, at * 1 n.1 (N.D. Cal. Nov. 27, 2012)).

### A.     Notice is Not Warranted under *Diaz*.

The first and second *Diaz* inquiries do not apply here because the Parties have not even discussed settlement, let alone settled Plaintiffs' individual claims on terms that afford Plaintiffs a premium settlement to dispose of their status as would-be class representatives or that "provides structural relief, trade-offs between compensatory and structural relief, or depletion of limited funds available to pay the class claims." *Diaz*, 876 F.2d at 140; Declaration of Sarah Zenewicz ("Zenewicz Decl.") ¶ 2. Indeed, this case is no longer a class action because Plaintiffs and their counsel refused to engage in discovery as a predicate to filing a Rule 23 motion—not because of any deal with Defendant.

The third *Diaz* inquiry concerns potential prejudice to the absent putative class members from: (1) "possible reliance on the filing of the action if they are likely to know of it either

---

[2] The Advisory Committee Notes explain that the amendment "resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of 'a class action.' That language could be-- and at times was--read to require court approval of settlements with putative class representatives that resolved only individual claims. *See* Manual for Complex Litigation Third, § 30.41. The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise." Fed. R. Civ. P. 23, Advisory Committee Notes to 2003 Amendments.

because of publicity or other circumstances"; (2) "lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations"; and (3) "any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz*, 876 F.2d at 1408.  None of these inquiries suggest notice should issue here.

First, there is no evidence that any putative class members have relied on either Solis's or Abrajano's putative class action complaints to the detriment of their individual claims.  Plaintiffs' counsel represents that "no putative class members have been contacted by either Plaintiff's counsel." ECF No. 79 at 3.  At the February 7, 2025 CMC, counsel represented that they "may have a different class rep or different class reps going forward," but these future putative class representatives (if they exist) arose from "calls and e-mails from people just in general" as opposed to attorney outreach or other publicity about this case.  2/7/25 Tr. 7:22-:25, 10:24-11:01.  Nor has counsel for Gate Gourmet located through internet searches any advertising or press about these lawsuits.  Zenewicz Decl., ¶ 3.  The lack of publicity weighs against issuing notice.  *See Lyons*, 2012 WL 5940846, at *2 ("The Court agrees that this apparent lack of media coverage makes it unlikely that similarly situated homeowners knew of Plaintiffs' lawsuit and relied on it for vindication of their own rights."); *Mahan v. Trex Co.*, 2010 WL 4916417, at *3 (N.D. Cal. Nov. 22, 2010) (finding that detrimental reliance by absent class members was unlikely because there was "no evidence that the instant case has garnered significant news coverage"); *Houston v. Cintas Corp.*, 2009 WL 921627, at *2 (N.D. Cal. Apr. 3, 2009) (finding that "some publicity regarding this case and articles in which some of the Plaintiffs were mentioned by name" was not enough to require notice to absent class members).

Second, there is no risk of the statute of limitations imminently expiring on putative class members' individual claims.  As Plaintiff Abrajano's response correctly notes, putative class members have ample time to file their own claims without risk of those claims lapsing under the three-year statute of limitations.  ECF No. 80 at 6.  That is because there was a prior class settlement in *Rahman v. Gate Gourmet, Inc.*, N.D. Cal. Case No. 3:20-cv-03047-WHO, which covers a settlement class of all California non-exempt employees through October 3, 2022, and releases their claims through February 23, 2023.  Accordingly, there is no risk of prejudice from

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT'S COUNTER-RESPONSE TO
ORDER TO SHOW CAUSE RE NOTICE
Case No. 3:24-CV-01287-VC

the clock ticking on unpaid wage claims that could imminently expire. In addition, under the *American Pipe* doctrine, the commencement of a class action tolls the statute of limitations for absent class members until a class certification decision. *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). Thus, there is not a "lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations." *Diaz*, 876 F.2d at 1408; *ses also Albers,* 2021 WL 1925520, at *2 (finding no notice necessary under *Diaz* when, among other things, "no putative class member will face a short deadline on pursuing the claims to be dismissed"); *Del Rio v. CreditAnswers, LLC*, 2011 WL 1869881, at *3 (S.D. Cal. May 16, 2011) (finding no "prejudice from a lack of adequate time for putative class members to file other actions" where statute of limitation was between three and five years).

Third, there has been no "settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz*, 876 F.2d at 1408. As discussed above, there has been no settlement (or even settlement discussions), and Gate Gourmet is aware of no concession that Plaintiffs' counsel has made to further their own interests at the expense of members of the putative class. Zenewicz Decl. ¶¶ 2, 4.

### B. *Dunn*, *Trombline* and *Lyons* Do Not Suggest that Class Notice is Appropriate.

The Court's Standing Order advises that "the parties must consider whether the unnamed class members need to be notified of the dismissal." Standing Order for Civil Cases Before Judge Chhabria ¶ 54. For guidance, the Court directs parties to four cases: *Dunn*, *Trombline*, *Lyons*, and *Diaz*. As explained above, the *Diaz* inquiries do not support issuing class notice here. The three district court cases do not suggest otherwise.

In *Dunn v. Teachers Insurance & Annuity Association of America*, 2016 WL 153266 (N.D. Cal. Jan. 13, 2016), the district court applied *Diaz* and concluded that notice should issue in light of a settlement agreement. *Id*. at *4-5. The court found that the second and third of the *Diaz* factors weighed in favor of providing notice to the putative class members. *Id*. at *6-8. The putative class members were at an immediate risk of having their FLSA claims time-barred if they did not receive notice soon, and there was some evidence of "self-interested conduct by the named plaintiffs and their counsel" because of "the appearance that Plaintiffs' counsel may be

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT'S COUNTER-RESPONSE TO
ORDER TO SHOW CAUSE RE NOTICE
Case No. 3:24-CV-01287-VC

focused on maximizing its own recovery from settling the named Plaintiffs' claims." *Id*. at *8. Those facts and circumstances do not exist here.

In *Trombline v. Wells Fargo Bank, N.A.*, 2014 WL 5140048 (N.D. Cal. Oct. 10, 2014), the district court ordered notice to 11 of the 528 putative class members following a settlement with the named plaintiffs in a consumer class action. It did so because there was evidence in the record that the defendant had already refunded (or applied account credits to) 517 loans for which there was an overcharge, and the precise amount of the overcharge ($7,614.18) was known for the remaining 11 putative class members. *Id*. at *1, 3. The Court found it would be unfair to dismiss the class action when the parties knew the identity of the 11 putative class members and "what they [we]re owed," so it ordered the defendant to "notify the 11 individuals of the proposed dismissal and how they can obtain repayment." *Id*. at *3. No such facts or circumstances are present here.

Finally, in *Lyons v. Bank of America, NA*, 2012 WL 5940846 (N.D. Cal. Nov. 27, 2012), the district court dismissed the class claims without prejudice and did not require notice of the settlement to the absent class members. The court did not find any of the *Diaz* factors present because there was a lack of media coverage, which made it "unlikely that similarly situated homeowners knew of Plaintiffs' lawsuit and relied on it for vindication of their own rights"; the absent class members would still be able to bring their own lawsuit against defendants; and the claims would not be time-barred. *Id*. at *2. The court granted the parties' request for voluntary dismissal and ordered that "[t]he parties [we]re not required to provide notice of the settlement to absent class members." *Id*. As in *Lyons*, the facts and circumstances here do not support issuing notice to putative class members.

### III.   CONCLUSION

Gate Gourmet respectfully requests that the Court refrain from issuing notice to putative class members regarding the dismissal of Plaintiffs' class claims.

///

///

///

| | |
|---|---|
| Dated: February 24, 2025 | MORGAN, LEWIS & BOCKIUS LLP |
| | By: */s/ Sarah Zenewicz*<br>Brian Berry<br>Sarah Zenewicz<br>Regina Agopian |
| | Attorneys for Defendant<br>GATE GOURMET, INC. |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT'S COUNTER-RESPONSE TO
ORDER TO SHOW CAUSE RE NOTICE
Case No. 3:24-CV-01287-VC