David D. Bibiyan (SBN 287811)
david@tomorrowlaw.com
Robert D. Wilson III (SBN 226309)
robert@tomorrowlaw.com
Joseph C. Rocha (SBN: 315164)
joseph@tomorrowlaw.com
**BIBIYAN LAW GROUP, P.C.**
1460 Westwood Boulevard
Los Angeles, CA 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorneys for Plaintiff KEVIN ROBERTO SOLIS
on behalf of himself and all others similarly situated

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ROBERTO SOLIS, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GATE GOURMET, INC., a Delaware corporation; ALICE WARRICK, an individual; and DOES 2 through 100, inclusive,<br><br>Defendants. | CASE NO.: 3:24-CV-01287-VC<br><br>*Assigned to the Honorable Vince Chhabria*<br><br>**DECLARATION OF DAVID D. BIBIYAN IN RESPONSE TO COURT'S ORDER FOR A DECLARATION REGARDING COMMUNICATIONS WITH PUTATIVE CLASS MEMBERS**<br><br>DATE:   March 13, 2025<br>TIME:    10:00 a.m.<br>COURT:  Courtroom 4, 17th Floor<br><br>State Action Filed: January 26, 2024<br>FAC Filed:          March 28, 2024<br>Removal Date:      March 1, 2024<br><br>*[San Mateo County Superior Court, Case No. 24CIV00416]*<br><br>Trial Date: Not Set |

**DECLARATION OF ATTORNEY DAVID D. BIBIYAN**

I, DAVID. BIBIYAN, declare and state as follows:

1. I am an attorney at law, duly licensed to practice before the Courts of the State of California and various U.S. District Courts, including the U.S. District Court, Northern District of California. I am a principal at Bibiyan Law Group, P.C., counsel of record for Plaintiff Kevin Roberto Solis ("Plaintiff Solis"). As such, I am familiar with the file in this matter, and if called as a witness, I could and would competently testify to the following facts of my own personal knowledge.

2. I make this Declaration in response to the Court's Order on March 10, 2025, requiring the lawyers for the plaintiffs to file a declaration that states whether or not they or their firms have received any communications from anyone who would have been a member of the class had a class been certified in this case.

3. I am an active member of the California Employment Lawyers' Association ("CELA"). I am one of the founding members and remain an active member of its Reverse Auctions Subcommittee; in doing so, I serve as a mediator between other plaintiffs' counsel who bring overlapping class actions. I have also attended various Continuing Legal Education courses pertaining to advocacy on behalf of employees.

4. I also created the content for, helped organize, and served as the Moderator for the 2023 California Complex Symposium Wage and Hour/PAGA Section, a Continuing Legal Education seminar and forum featuring four respected Judges serving in the Complex Divisions of their respective county Superior Courts. In addition, my firm served as a sponsor of that event.

5. Not only have I practiced almost exclusively in this field for years and have contributed to the legal education curriculum for attorneys practicing within it, I am also a published author in the Daily Journal as a contributor in the Wage and Hour and PAGA context, including, in a December 15, article entitled: "*PAGA: What's Gone, What's Left and What's Next*." I have also been a quoted source in

multiple other publications, including in article pushed by Bloomberg Law dated November 1, 2023 entitled: "*Adidas, Home Depot Sued in Test Cases on Job Ad Pay Transparency.*"

6. I have been appointed class counsel tens of times by Courts across the State of California. Furthermore, my office has succeeded in certifying classes in contested motions for class certification. Some of the classes and theories we have certified include, without limitation, for failure to pay the regular rate of pay; failing to pay overtime and minimum wages, including, without limitation, for temperature checks; failure to provide meal and rest break premiums, including, without limitation, for requiring employees to walk during breaks; failure to timely pay wages prior to separation of employment; wage statement violations; and unfair competition.

7. Procedurally, I have been involved in overseeing Plaintiff Solis' case from intake through the present day. Therefore, I have personal knowledge of any and all communications from anyone who could or would have been a member of the class in this matter had a class been certified in this case.

8. In addition to my personal knowledge, I personally contacted each attorney and staff member in my law firm who handled this matter in any capacity from case inception to this point.

9. In summary, there have been no communications with any putative class members who would be a member of the class had a class been certified in this case under Plaintiff Solis' theories.

10. In confirming the fact that there have been no communications with putative class members besides Plaintiff Solis as part of the litigation of this matter, I reached out to my attorneys and other employees today after receipt of the Court's Order.

11. Specifically, I confirmed with the previous handling attorneys Bijan Mohseni and Gayane Ghandilyan that they had no communications with other

putative class members. I also confirmed with the newly assigned handling attorneys, assigned in January 2025, Robert D. Wilson III and Joseph C. Rocha, that they had no communications with other putative class members besides Plaintiff Solis. I also confirmed there were no communications with other putative class members with paralegals Heidi Castaneda and Estefany Gutierrez, who were the only paralegals to my knowledge handling this matter. Lastly, I confirmed there were no communications with other putative class members besides Plaintiff Solis with legal assistant Maxwell Kim, who was the only legal assistant at my office handling this matter to my knowledge.

12. In addition, because of the broad language used by the Court, I performed an investigation and diligent search of all departments at my law firm to determine if we may have had any incidental contact in the ordinary course of business with any person who could also be a putative class member in this Action.

13. In the course of my investigation, I learned that another department of our office did communicate in an unrelated matter with an employee who worked for Gate Gourmet. We do not have enough information to confirm that he would have been a putative class member in this Action were it certified. The substance of the communication is privileged along with the identity of the individual.

14. If the Court would prefer that my office notify this single individual of the non-certification of the class alleged in this Action, I will make sure the individual is provided with written notice that this putative class action was in existence, but will no longer be proceeding as a putative class action. While I believe this communication may cause more confusion than clarity, I am happy to ensure that such notice is provided if the Court prefers we do so in an abundance of caution.

15. Plaintiff Solis is ready to move forward with his individual action and is actively prosecuting his case. After the last hearing, Defendant Gate Gourmet served written discovery and asked for supplemental responses. Defendant also

1 asked for deposition dates for Plaintiff Solis, who resides in Madrid, Spain, where he is attending university on a scholarship. We provided defense counsel with 10 deposition dates next month and we are waiting for Defendant to select a date.

16. In the same vein, Plaintiff Solis has requested from Defendant dates for the depositions of Defendant's Custodian of Records, as well as named Defendant Alice Warrick, and is awaiting a response. Plaintiff Solis also anticipates serving further discovery by the date of the OSC focused on Plaintiff's individual claims as opposed to those of the putative class.

17. Finally, I would like to apologize to the Court and request its clemency. Defendant did not provide documents and information in discovery that would have been vital to the success of our Motion for Class Certification, and Plaintiff Solis required further time to compel discovery and prepare a Motion for Class Certification. Counsel for Defendant did not agree to stipulate to a continuation of the deadline. Moreover, the former attorney handling this matter for my office reported to me without equivocation that this Court would not continue our Motion for Class Certification deadline. Given the information provided, I made the miscalculation that this Court would have taken more issue with an *ex parte* application than the lapsing of the deadline and the election to proceed with the matter on an individual, rather than class basis given no notice was provided to putative class members and, presumably, another class case could be filed. In hindsight, I realize now that our decision not to inform the Court resulted in a waste of this Court's valuable time and resources.

///
///
///
///
///
///

18.   For that, once again, I apologize to this Court and the Court's staff.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                         */s/ David D. Bibiyan*

                                         DAVID D. BIBIYAN